**John M. BLAZE, Plaintiff-Appellant,**

v.

**Franklin B. MOON, District Engineer, Galveston, Texas District, U. S. Corps of Engineers, Defendant-Appellee.**

**No. 30494.**

United States Court of Appeals, Fifth Circuit.

April 5, 1971.

Overton C. Jefferson, Clarke Gable Ward, Houston, Tex., for plaintiff-appellant.

Anthony J. P. Farris, U. S. Atty., William L. Bowers, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for defendant-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal taken by the plaintiff-appellant John M. Blaze from a district court order reported at 315 F.Supp. 495, dismissing the action for lack of jurisdiction. We affirm.

The Negro plaintiff is a former temporary employee of the United States Corps of Engineers (the Corps) for the Galveston, Texas, District. He was dismissed by the Corps in September of 1967 and thereupon filed his complaint with the Corps alleging discrimination on the basis of his race. The Equal Employment Opportunity officer of the Department of the Army found the plaintiff's allegations to be without merit, and this finding was upheld by the Civil Service Commission.

Plaintiff then brought this action in the district court alleging racial discrimination in employment practices of the Corps of Engineers. Essentially, the appellant claims that the Corps hires Ne-

---

3. Id. at 1118.

groes for temporary jobs only, reserving permanent positions for white applicants. An injunction against the alleged discriminatory practices was sought. Jurisdiction was asserted on the following grounds:

1. 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

2. 26 Fed.Reg. 1977 (Executive Order No. 10,925 dated May 8, 1961) and 5 C.F.R. 1401.

3. 28 U.S.C. § 1346(a) (2) (b) and 26 Fed.Reg. 1977 and the Fifth Amendment to the Constitution of the United States.

The United States was not named as a defendant in these proceedings, but a federal agency, the United States Corps of Engineers and Colonel Moon, the District Engineer, an official of the agency, were made parties. The defendants moved the district court to dismiss the action for lack of jurisdiction by reason of sovereign immunity, and on that basis the action was dismissed.

■■ The United States cannot be sued without its consent. See, e. g., Malone v. Bowdoin, 1962, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168; Dalehite v. United States, 1953, 346 U.S. 15, 73 S. Ct. 956, 97 L.Ed. 1427; Larson v. Domestic and Foreign Finance Corporation, 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. The United States can, of course, waive its sovereign immunity and consent to be sued. But we find no indication in any of the plaintiff's jurisdictional citations that the United States has consented to be sued in the situation presented here. The Eighth Circuit has held under similar circumstances that a similar suit was a suit against the sovereign and was precluded by the sovereign's immunity. See Gnotta v. United States, 8 Cir. 1969, 415 F.2d 1271, cert. denied 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115. The plaintiff there alleged discrimination against him by the Corps of Engineers because of his Italian ancestry. We note that the alleged discrimination in *Gnotta* was for failure to promote the plaintiff who held a permanent position with the Corps of Engineers as opposed to the allegations here of discrimination in initial employment by the Corps of Engineers. This is a distinction which makes no difference in determining the power of United States Courts to entertain a suit against the sovereign.

Appellant urges that the Supreme Court has sanctioned suits against the United States where racial discrimination is involved, citing Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884. *Bolling* was one of the companion cases to Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. The Supreme Court there held that the Fifth Amendment imposed the same burden on the District of Columbia to eradicate racial discrimination in public education as was imposed on the States by the Fourteenth Amendment. Perhaps *Bolling* is authority for the proposition that the United States and its officials can be sued where racial discrimination is involved, but the text of the opinion contains no indication that the question of sovereign immunity was ever raised or considered by the Supreme Court. In this situation we defer to *Gnotta*, since the issue was there directly presented and ruled upon.

Not asserted below and therefore not presented for our consideration is the knotty question of whether federal jurisdiction exists under Chapter 7 of Title 5, U.S.Code (Sections 701–706 of the Administrative Procedure Act), and Title 28, U.S.C. Section 1361. Jurisdiction under these statutes was asserted in *Gnotta* and Judge (now Mr. Justice) Blackmun for the Eighth Circuit decided the point adversely to the plaintiff. See the lengthy discussion of the matter, 415 F.2d at 1275–1279. We of course intimate no views as to this problem. That should be undertaken by this Court only in the event that the question is presented to and decided by the district court and we are called upon thereafter to review such decision on appeal. Our hold-

ing here is simply that the lower court was not in error in dismissing this lawsuit as now formulated.

Affirmed.