**NATIONAL ASSOCIATION FOR the AD-
VANCEMENT OF COLORED PEOPLE
(ATLANTA LOCAL) et al.**

v.

**UNITED STATES POSTAL SERVICE.**

Civ. A. No. C–75–281–A.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 3, 1975.

and made without affording the plaintiffs notice and a hearing.

The defendants argue in this motion that (1) the description of the purported class "lacks sufficient specificity", (2) the plaintiffs do not have standing to sue, (3) the determination to move postal operations was within the sole authority of the Postal Service and (4) this court lacks jurisdiction to review the decision.

It is not necessary to ascertain the class in view of the ruling below that no claim is stated upon which relief may be granted. The plaintiffs, whether individually or as a class, are not entitled to an injunction or a declaratory judgment in their favor.

S. Ralph Martin, Jr., Atlanta, Ga., for plaintiffs.

William D. Mallard, Jr., U. S. Asst. Dist. Atty., Atlanta, Ga., for defendants.

At least some of the plaintiffs have standing to bring this action. See *Buchanan v. United States Postal Service,* 375 F.Supp. 1014 (N.D.Ala.1974), *aff'd in part and vacated on other grounds,* 508 F.2d 259 (5th Cir. 1975), and, thus, a "case or controversy" exists for judicial resolution.

## ORDER

HENDERSON, D strict Judge.

This is an action for a preliminary and permanent injunction to restrain the defendants from relocating the main branch of the Atlanta Postal Service and for a declaratory judgment. Jurisdiction is predicated on 28 U.S.C. § 1339, 39 U.S.C. § 409 and 5 U.S.C. §§ 701–706. Presently pending is the defendants' motion to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief may be granted.

On January 31, 1975 the United States Postal Service purchased land in College Park, Fulton County, Georgia, near the Atlanta Airport for the purpose of building a General Mail Facility for the processing of mail to and from the Atlanta area. The new building will replace the present processing operation located at Hunter and Forsyth Streets, Atlanta, Georgia. The plaintiffs contend that this decision to move the center to College Park as arbitrary and capricious and an abuse of discretion

The defendants are correct in stating that 39 U.S.C. § 410 exempts the Postal Service from the review provisions of the Administrative Procedures Act (hereinafter referred to as "APA"), 5 U.S.C. §§ 701–706. Consequently, the court has no authority under the APA to set aside this decision as arbitrary, capricious or an abuse of discretion. However, 39 U.S.C. § 409 does confer jurisdiction on the district courts in all suits brought against the Postal Service. This grant is somewhat limited by 39 U.S.C. § 410 because certain laws do not apply to the Postal Service. The prohibitions of that section, though, do not prevent adjudication of the purported constitutional violation and the alleged failure of the Postal Service to follow the notice and hearing requirements of 39 U.S.C. § 3661.

On the merits, the plaintiffs are not entitled to relief for a deprivation of constitutional rights. They sug-

gest that the Due Process Clause of the Fifth Amendment demands that they should have been afforded notice and hearing prior to the decision by the Postal Service to relocate the facilities. However, the requirements of due process apply only to the denial of property or liberty rights protected by the constitution. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Property interests are not created by the constitution but by existing "rules or understandings that stem from an independent source such as state law. . . ." *Id.* Here no protection of liberties are involved and the plaintiffs have not demonstrated how they have a property right to the location for a branch of the Postal Service. Thus, the defendants' decision to move postal operations to a different building did not deprive the plaintiffs of "property" or "liberty", and, consequently, notice and hearing were not constitutionally mandated.

■ Nor does it appear that there has been a denial of equal protection. They vaguely allege discrimination against residents and businesses of the central city because of the proposed relocation, but they fail to fully demonstrate this allegation and support it with authority in their briefs. Apparently, it will be more difficult for central city residents to obtain public transportation to the new facility. But the plaintiffs do not argue that this involves a fundamental right so as to warrant the close scrutiny of the compelling government interest test. Under a rational relationship standard, *e. g., Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L. Ed.2d 491 (1970), it cannot be said that selection of a site outside Atlanta, which possibly may be disadvantageous to one class of residents who live in Atlanta and depend on public transportation, bears no rational basis to the government's interest in promoting an efficient postal system. The affidavit of Royal J. Rasmussen, a Program Manager of the

U. S. Postal Service, relates that the Postal Service considered numerous factors in selecting the new location and chose the College Park site because of its acceptable cost, proximity to the Atlanta Airport and major expressways, its immediate availability and absence of adverse environmental considerations.

■■ The plaintiffs rely upon 39 U. S.C. § 3661 and the district court opinion in *Buchanan v. U. S. Postal Service, supra*, to urge that they should have received notice and a hearing prior to the relocation decision. Section 3661 provides that:

(a) The Postal Service shall develop and promote adequate and efficient postal services.

(b) When the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Rate Commission requesting an advisory opinion on the change.

(c) The Commission shall not issue its opinion on any proposal until an opportunity for hearing on the record under sections 556 and 557 of title 5 has been accorded to the Postal Service, users of the mail, and an officer of the Commission who shall be required to represent the interests of the general public. The opinion shall be in writing and shall include a certification by each Commissioner agreeing with the opinion that in his judgment the opinion conforms to the policies established under this title.

Unless there is a "change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis" there is no necessity for a "proposal" as required under Subsection (b) and for a hearing provided in Subsection (c). According

to the Fifth Circuit Court of Appeals, 508 F.2d 259, 262–63 (5th Cir. 1975), which affirmed in part and vacated in part the district court's opinion in *Buchanan*, Subsection (b) of 39 U.S.C. § 3661 has three requirements.

First, there must be a "change". This implies that a quantitative determination is necessary. There must be some meaningful impact on service. Minor alterations which have a minimal effect on the general class of postal users do not fall within § 3661. Second, the change must be "in the nature of postal services." This involves a qualitative examination of the manner in which postal services available to the user will be altered. Third, *the change must affect service "on a nationwide or substantially nationwide basis." A broad geographical area must be involved.* (emphasis added).

Assuming that the moving of the mail processing center for Atlanta is a "change in the nature of postal services" it is not one which "will generally affect service on a nationwide or substantially nationwide basis." The change of sites does not involve a broad geographic region. The new facility, like the old one, will process mail to and from the Atlanta area. The change is unlikely to have a significant effect on the service for the entire nation, or even for a substantial part thereof. The decision to move local postal operations to a different building is not one encompassed by 39 U.S.C. § 3661. That section has only a limited scope of application and was not intended to undermine the broad management power of the Postal Service. *Id.* Therefore, there was no need to submit a "proposal" to the Postal Rate Commission and no public hearing was required by Section 3661(c).

Accordingly, because the plaintiffs have not stated a claim upon which relief may be granted, the motion by the defendants to dismiss the complaint is granted.