Clifford A. TRAMMELL, Plaintiff,

v.

Howard H. CALLAWAY et al.,
Defendants.

No. GC 75–97–K.

United States District Court,
N. D. Mississippi,
Greenville Division.

June 8, 1976.

John L. Maxey, II, Jackson, Miss., for plaintiff.

John R. Hailman, Asst. U. S. Atty., Oxford, Miss., for defendants.

### MEMORANDUM ORDER

KEADY, Chief Judge.

This action involves claims by a white male of unlawful practices in job promotion in federal employment. Defendants, the Secretary of the Army and various officials of the United States Army Corps of Engineers (the Corps), seek to dismiss the complaint (1) for lack of subject matter jurisdiction, due to sovereign immunity, and (2) for failure to state a claim upon which relief can be granted because of plaintiff's failure to exhaust available administrative remedies. In the alternative, defendants ask for summary judgment.

The facts set out in the complaint are as follows. Plaintiff has been employed by the Corps since 1958. In 1961 he was assigned to the Yazoo City Project Office as a surveying aide and construction inspector. The Corps created the Yazoo City Field Office in 1962, at which time plaintiff was reassigned there as a technician. In 1968 plaintiff was promoted to the position of assistant to the Yazoo City Office Chief, a pay Grade Scale 7 job, and served in this capacity until 1974. From January 1974 to March of 1975, during the extended sick leave of the office chief, plaintiff worked as acting office chief. While acting as office chief, plaintiff applied for temporary pay at

Grade Scale 9, the usual rate for the office chief job. This application was at first denied by plaintiff's superiors, but through appeal to Civil Service Commission pursuant to the Corps' employee grievance procedure, he obtained the higher pay. During his tenure as acting office chief, plaintiff received highly favorable job performance ratings.

On January 30, 1975, defendants gave notice that applications for the newly-created position of Facility Manager of the Yazoo City Field Office would be accepted from all qualified employees of the Corps in the Vicksburg District and in the Office of the Division Engineer, Lower Mississippi Valley; a list of criteria for determining which employees would be considered "highly qualified" for the job was included in the notice. Plaintiff fulfilled the "highly qualified" standards, and applied for the position.

On March 7, 1975, plaintiff was informed that William E. Dew has been selected to fill the Facility Manager opening. Dew is in his early forties; plaintiff is 53 years of age.

Plaintiff claims Dew is less qualified than he for the Facility Manager job, and that inclusion of Dew on the "highly qualified" list, and his selection to fill the position, were arbitrary and capricious actions violative of plaintiff's Fifth Amendment due process rights. Plaintiff also claims that the selection of Dew under these circumstances violates the Age Discrimination in Employment Act. 29 U.S.C. § 621, et seq., as amended 29 U.S.C. § 633a.

### I.

#### The Fifth Amendment Claim

Defendants' motion to dismiss on the grounds of sovereign immunity is directed only to plaintiff's first claim, i. e., that defendants violated his due process rights in filling the Facility Manager job. Jurisdiction of this claim is alleged under the Tucker Act, 28 U.S.C. § 1346(a)(2), and § 704 of the Administrative Procedure Act, 5 U.S.C. § 704; the relief requested is (1) a judgment declaring the rights of plaintiff; (2) an injunction enjoining defendants to promote plaintiff to the position of Facility Manager and Grade Scale 9, Step 2; and (3) back pay and fringe benefits retroactive to March 1975.

It is elemental that the United States cannot be sued without its consent. *E. g., United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Blaze v. Moon*, 440 F.2d 1348 (5th Cir. 1971). The United States, of course, can act only through its officers, and although this is nominally a suit against federal officers in their official capacities, the substance of such an action, not its form, determines whether it is a suit against the United States.

A suit against an officer of the United States is one against the United States itself "if the decree would operate against" the sovereign; *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); or if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration", *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); or if the effect of the judgment would be "to restrain the Government from acting, or compelling it to act", *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949). See *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). *Gnotta v. United States*, 415 F.2d 1271, 1277 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). Clearly, then, this is a suit against the United States.

The question of whether the Tucker Act waives the sovereign immunity of the United States has been addressed in this circuit. *Blaze v. Moon*, 440 F.2d 1348 (5th Cir. 1971) affirmed a lower court ruling that the Tucker Act is a limited consent by the United States to be sued; this consent extends only to actions for damages *ex contractu*, not to actions for declaratory, injunctive or other equitable relief. *Ac-*

cord, *Gnotta v. United States*, 415 F.2d 1271 (8th Cir. 1969); *see Brown v. General Services Administration*, —— U.S. ——, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). This court, therefore, has no jurisdiction under the Tucker Act to decide plaintiff's Fifth Amendment claim.

Justice (then Judge) Blackmun's comments in *Gnotta v. United States, supra,* are relevant to plaintiff's assertion of jurisdiction of this claim under the Administrative Procedure Act:

Surely, promotion or nonpromotion of employees within a department is a matter of supervisory discretion and not ordinarily subject to judicial review. 5 U.S.C. § 554(a)(2). See *McEachern v. United States*, 321 F.2d 31, 33 (4 Cir. 1963). It has been said that courts cannot undertake to pass on a plaintiff's qualifications for any given post or to compare them with those of an incumbent. *Powell v. Brannan*, 91 U.S.App. D.C. 16, 196 F.2d 871, 873 (1952). A claim that the plaintiff's supervisor entertained a dislike for him has not sufficed for judicial review. *Fass v. Ruegg*, 379 F.2d 216, 218 (6 Cir. 1967). And Professor Davis asks, "Do we want courts inquiring into personnel management—salary increases, sick leave, office hours, allocation of parking spaces in the basement of the agency's building?" 4 K. Davis, Administrative Law Treatise § 28.16, at 82 (1958). 415 F.2d at 1276.

■■■■ However, the Administrative Procedure Act does serve as a waiver of sovereign immunity, at least to the extent of injunctive and declaratory relief, *Estrada v. Ahrens*, 296 F.2d 690 (5th Cir. 1961); *American Federation of Gov't Employees v. Callaway*, 398 F.Supp. 176 (N.D.Ala.1975), and this court can review an agency's discretionary decision on a personnel matter to the limited extent of determining if the decision was arbitrary or capricious or not supported by substantial evidence, *e. g.*, *Reece v. United States*, 455 F.2d 240 (9th Cir. 1972); *Jaeger v. Stephens*, 346 F.Supp. 1217 (D.Colo.1971). Plaintiff, though, is not even entitled to this limited review for the reason that he has failed to exhaust available administrative remedies.

Plaintiff was advised by Paul Oliver, the Corps Equal Employment Opportunity (EEO) officer, that allegations number 2 and 3 of plaintiff's administrative complaint of discrimination filed with the EEO—the allegationsconcerning the Fifth Amendment claim—were not within the purview of the Equal Employment Opportunity complaint regulations; and that the proper procedurefor processing these complaints was to file a grievance with the Corps' Personnel Office pursuant to the Department of the Army grievance procedures. Oliver's information was correct; the only complaints cognizable within the Equal Employment Opportunity regulation are those claiming discrimination based on race, sex, religion, age or natural origin, 5 CFR §§ 713.212(a), 715.511. All other other employee complaints are covered by the grievance regulations, 5 CFR §§ 300.103, 300.104.

■■■■ Nevertheless, plaintiff refused to pursue his complaints through the grievance procedure, but instead filed this action. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the *prescribed* administrative remedy has been exhausted," *Myers v. Bethlehem Shipbuilding Corp.,*, 303 U.S. 41, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). Since plaintiff knew of the proper administrative procedure for processing his Fifth Amendment complaint, and yet deliberately bypassed it, we are constrained to dismiss this claim, *Beale v. Blount*, 461 F.2d 1133 (5th Cir. 1972).

II.

*The Age Discrimination Claim*

■■■■ This court doubtless has jurisdiction of plaintiff's alternative claim based on the Age Discrimination in Employment Act. Plaintiff is 53 years of age, and is thus within the 40 to 65 age group protected by the Act, 29 U.S.C. § 631. Timely notice of intent to sue under the Act was furnished to the Civil Service Commission, 29 U.S.C. § 633a(d). The only questions presented by this motion regarding the age

discrimination claim are whether plaintiff failed to exhaust available administrative remedies, thus precluding consideration of this claim by the court, and, if plaintiff did exhaust administrative remedies, whether the scope of review is limited to an examination of the administrative record to determine if the agency's decision is supported by substantial evidence, or whether plaintiff is entitled to a trial *de novo* on this claim. Because our determination of the exhaustion question is dispositive of this motion, we need not consider the scope of review.

Plaintiff does not contend that the exhaustion doctrine is inapplicable to his claim; he asserts that he was excused from the exhaustion requirement because he was "frustrated in his every effort to exhaust the administrative remedies available to him, and because it "would [have] be[en] in vain and useless to pursue administrative remedies further."

Plaintiff pursued the administrative remedy regarding his age discrimination claim to the extent of complying with the applicable informal precomplaint procedures, 5 CFR §§ 713.213, 713.511, and filing and presentation of his complaint, 5 CFR §§ 713.214, 713.511. The age discrimination complaint was rejected on April 4, 1975, by EEO Officer Oliver in a "Notice of Final Decision of the Department" on the grounds that it was so vague and indefinite as to preclude agency investigation of the matter. It was suggested in the Notice that in order to prevent his complaint from being finally rejected plaintiff should seek assistance from his EEO Counselor in further defining the issues in the complaint. The Notice, in compliance with 5 CFR §§ 713.215, 713.231(2), 713.232, and 713.233, further informed plaintiff of his right to appeal the decision within 15 days to the Board of Appeals and Review of the Civil Service Commission.[1] Plaintiff nevertheless took no further action on his claim until filing notice on May 30, 1975, of intent to sue in the district court under the Age Discrimination in Employment Act, again knowingly bypassing the available administrative remedy, *Blaze v. Moon*, 440 F.2d 1348 (5th Cir. 1970); cf. *Ellis v. Naval Air Rework Facility*, 404 F.Supp. 377 (N.D.Calif.1975).

We find that plaintiff's failure to pursue his administrative appeal prevents this court from granting relief on the claim. This conclusion finds support in three of the five considerations underlying the exhaustion doctrine as explained by Judge Godbold in *Pen v. Schlesinger, supra*:

(3) Practical notions of judicial efficiency, since the complaining party may vindicate his rights administratively, and the courts may never have to intervene; (4) permitting an administrative agency to discover and correct its own errors; (5) avoiding the flouting of the administrative process that can weaken the agency's effectiveness by encouraging people to ignore its procedures.

490 F.2d 700, 710 (5th Cir. 1973) (dissent), rev'd, 497 F.2d 970 (5th Cir. 1974) (en banc adopting dissent). To allow plaintiff to forego his administrative appeal would certainly frustrate these underlying purposes of the exhaustion doctrine. It makes no difference that the administrative appeal would not involve a question of the merits of plaintiff's claim, but a question of agency procedure, i. e., whether plaintiff's age discrimination complaint was sufficient to set the agency investigation machinery in motion. "[T]he policy favoring self correction applies at least as forcefully to procedural slipups as to erroneous agency deci-

---

1. The "Notice of Final Decision of the Department" advised plaintiff that he had an alternative of filing a civil action within 30 days of the decision. This was simply an error by the EEO Officer in using the form letter prepared for responding to complaints based on race, sex, religion, or national origin; the notice of a right to sue is required by statute in those cases, 42 U.S.C. § 2000e–16(c). Since plaintiff did not, however, rely on this representation in the Notice, we need not decide what the outcome would be had he in fact filed a suit in this court within 30 days of the Notice. Plaintiff was in no way prejudiced by the inclusion of this erroneous information in the Notice.

sions on the merits of discrimination claims." *Penn v. Schlesinger*, 490 F.2d at 712.

Although plaintiff here alleges that further resort to the administrative system would have been futile, we find no support for this allegation. A complaining party will be excused from exhausting administrative remedies only when he faces "a genuinely futile administrative effort," *Penn v. Schlesinger*, 490 F.2d at 712, and we agree that

> the review procedures set up by the Civil Service Commission regulations are objectively so comprehensive and so fair that *McKart* [ *v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1949)] requires us to find the failure here alleged insufficient to justify permitting these plaintiffs to circumvent them. 490 F.2d at 713.

We therefore dismiss the complaint but without prejudice to the right of plaintiff to prosecute his administrative remedies. If such remedies are, by reason of plaintiff's conduct, no longer available to him, the complaint shall be finally dismissed with prejudice.

All costs are taxed to plaintiff.