**Jack F. LESTER**

v.

**UNITED STATES POSTAL SERVICE.**

**No. Civ. 78–813 Phx. WPC.**

United States District Court,
D. Arizona.

Feb. 2, 1979.

Roxanna C. Bacon, of Jennings, Strouss & Salmon, Phoenix, Ariz., for plaintiff.

Karin Kirksey Zander, Asst. U. S. Atty., Dept. of Justice, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

The plaintiff, Jack Lester, is employed by the United States Postal Service, the defendant herein. The Postal Service transferred Lester from Phoenix, Arizona, to Los Angeles, California, effective December 3, 1977. Lester appealed this decision to the U. S. Civil Service Commission contending that the transfer constituted a reduction in rank, and thus an adverse action to which he was entitled to certain procedural rights. The Federal Employee Appeals Authority of the Civil Service Commission (FEAA) agreed with Lester that his reassignment was a reduction in rank in a decision rendered on June 12, 1978. The Postal Service subsequently requested the Appeals Review Board of the Civil Service Commission (ARB) to reopen and reconsider the FEAA decision. Lester now seeks interim relief while the FEAA decision is pending before the ARB.

Lester's complaint consists of four counts. He alleges in Count One that 5 C.F.R. § 772.310(e)(2)(i) applies requiring the Postal Service to return him to his former position or at least his former place of work because his transfer constituted a removal from his former position. In Count Two he contends that if 5 C.F.R. § 772.310(b)(2) applies, it is an unreasonable and punitive regulation in violation of 5 U.S.C. § 1302 and apparently the Fifth Amendment to the Constitution because of the delay in the ARB's appeal process. In Count Three, Lester argues that the failure of the ARB to make a timely review of the FEAA decision is a violation of 5 U.S.C. § 1302(d) and the Fifth Amendment. Lester alleges in Count Four that he was summarily reassigned as punishment for his criticism of Postal Service programs in violation of the First Amendment, and that he was denied a valuable governmental benefit without due process in violation of the Fifth Amendment when he was transferred. The particular relief for which Lester prays is a declaration that he is entitled to reassignment to the Phoenix Post Office during the administrative review of the adverse action taken against him by the Postal Service and a permanent injunction precluding the Postal Service from stationing Lester outside the Phoenix Post Office in other than a particular position pending the review of the ARB.

The Postal Service has moved to dismiss the plaintiff's action on the grounds that the Court lacks jurisdiction over the subject matter of the action and that the plaintiff's complaint fails to state a claim upon which relief may be granted. Because of the affidavits and exhibits submitted by the parties, the motion to dismiss for failure to state a claim will be treated as one for summary judgment pursuant to Rule 12(b), Fed.R.Civ.P.

■ An initial question is whether this Court has jurisdiction to grant the interim relief requested. The Administrative Procedure Act (APA) permits a court to which a case may be taken to issue all necessary and appropriate process to preserve status or rights pending conclusion of review proceedings to the extent necessary to prevent irreparable injury. 5 U.S.C. § 705. The Postal Reorganization Act does provide that, generally, the Postal Service is not subject to the judicial review provisions of

the APA, which includes 5 U.S.C. § 705. *See* 39 U.S.C. § 410(a). Yet the Postal Reorganization Act does preserve to preference eligible veterans of whom Lester is one, employment rights and procedures accorded them by 5 U.S.C. §§ 7501 *et seq.* *See* 39 U.S.C. § 1005(a)(1). Those rights which accompany. a reduction-in-rank decision presumably are protected by the right to judicial review pursuant to Chapter 7 of Title 5, including 5 U.S.C. § 705.

Even if it were correct as the defendant appears to suggest at one point that 39 U.S.C. § 410 exempts the Postal Service from the review provisions of the APA, 5 U.S.C. §§ 701–706, it is clear that 39 U.S.C. § 409 does confer jurisdiction on the district courts in all suits brought against the Postal Service. *See NAACP v. United States Postal Service,* 398 F.Supp. 562, 563 (N.D. Ga.1975).

■ Having established jurisdiction, whether Lester has a right to the relief he has sought must be determined. Count One is based on an incorrect interpretation of 5 C.F.R. § 772.310(e)(2)(i). The general rule is that an agency's request for the reopening and reconsideration of a decision of the FEAA by the ARB stays the corrective action recommended by the FEAA. 5 C.F.R. § 772.310(e)(2). An exception to the rule applies to employees who are "removed" from their positions. Lester, however, was only "reduced in rank" according to the FEAA decision. Removal is synonymous with discharge or termination of employment and is substantially different from the less severe action of a reduction in rank. *See generally,* 5 U.S.C.A. § 7511 (Historical and Revision Notes) ("[T]he word 'removal' is coextensive with . . 'discharge.' "). There is no factual dispute that Lester was not removed as defined above and thus has no right based on 5 C.F.R. § 772.310(e) to relief pending the appeal to the ARB. The Postal Service is entitled to summary judgment on Count One as a matter of law.

■ Count Two alleging that 5 C.F.R. § 772.310(b)(2) is invalid because unreasonable and punitive is unsupported by factual allegations to support such a conclusion. 5 C.F.R. § 772.310(b)(2) states that the ARB "may not consider any agency request to reopen and reconsider a decision of an appeals officer after the agency has complied with the recommended corrective action." The regulation is facially reasonable and it does not become unreasonable and punitive in violation of 5 U.S.C. § 1302(d) or the Fifth Amendment because of the delay involved before the ARB considers Lester's case. This Court takes judicial notice of the backlog that presently plagues many adjudicatory bodies and finds that a delay of eighteen months to three years is not unreasonable. Lester has made no specific allegation and only a conclusory allegation that the procedural rights which the FEAA found were denied him are jeopardized by the delay in the review by the ARB. How such rights could in fact be jeopardized by the alleged delay in review cannot be discerned. That the transfer has harmed his health, his family and his career has no bearing on the jeopardization of the procedural rights involved. The harm from transfer, moreover, is not itself a basis for granting relief. *See generally, Colbath v. United States,* 341 F.2d 626, 632, 169 Ct.Cl. 414, 420 (1965) ("[H]ardships may result when the head of the family is put to the choice of moving to another city or relinquishing his position when the Government agency in which he is employed decides to transfer his functions elsewhere. . . . Substantial as these hardships often are, they do not constitute a type of damage for which this court can grant relief.") There must first be a right which has been denied before a remedy can be decreed. Lester has alleged no factual basis for finding that he has been deprived of a legally cognizable right in Count Two. The Postal Service is entitled to summary judgment on Count Two as a matter of law.

■ Count Three, similar to Count Two, alleges that the review of the FEAA decision by the ARB will not be timely thereby violating the Fifth Amendment and 5 U.S.C. § 1302(d). Any delay in the appeal process is not due to the decision of the

548

Postal Service to appeal the FEAA decision. Furthermore, as concluded above, the delay is neither unreasonable nor prejudicial. Thus, the alleged delay in reviewing the FEAA decision cannot be untimely to the degree of constituting a cause of action, absent legislation specifically indicating otherwise. *Cf. Barker v. Wingo,* 407 U.S. 514, 533–34, 92 S.Ct. 2182, 2194, 33 L.Ed.2d 101 (1972) (where the defendant was not seriously prejudiced by a more than five-year delay between his arrest and trial and where he did not want a speedy trial, the defendant's right to a speedy trial was not violated even though more than four years of the delay was due to the prosecution's action or inaction). As with the prior two counts, the Postal Service is entitled to summary judgment on Count Three as a matter of law.

■ Count Four, unlike the first three counts, focuses not on the delay preceding the review of the FEAA decision by the ARB, but rather on the motive and method of the Postal Service in transferring Lester to Los Angeles. Count Four, in particular, appears to intertwine a claim based on the First Amendment and one based on the Fifth Amendment. Both claims, if valid, are subject to administrative remedy, however. As such, this Court lacks authority to grant interim relief pending final administrative action. *See Sampson v. Murray,* 415 U.S. 61, 74, 94 S.Ct. 937, 945, 39 L.Ed.2d 166 (1974) (Supreme Court denied federal employee injunctive relief which would have prohibited her discharge pending exhaustion of her administrative remedies) ("Until administrative action has become final, no court is in a position to say that such action did or did not conform to applicable regulations."). Thus, Count Four must be dismissed for lack of jurisdiction. Therefore,

IT IS ORDERED:

1. The defendant's motion for summary judgment is granted as to Counts One, Two and Three.

2. Count Four is dismissed without prejudice for lack of jurisdiction.