**I. M. CALDWELL, Plaintiff,**

v.

**William F. BOLGER, Postmaster General of the United States, et al., Defendants.**

**No. 81–410–CIV–5.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

July 22, 1981.

Jack B. Crawley, Jr., Spruill, Lane & McCotter, Rocky Mount, N. C., for plaintiff.

Abraham Penn Jones, Asst. U. S. Atty., Raleigh, N. C., Anthony W. DuComb, Trial Atty., U. S. Postal Service, Washington, D. C., for defendants.

## ORDER

DUPREE, Chief Judge.

This action is before the court on plaintiff's motion for a preliminary injunction and defendants' motion to dismiss and for summary judgment. The action seeks to restrain the transfer of plaintiff, a postal inspector assigned to duty in Raleigh, North Carolina, to a similar assignment in New York pursuant to a "Career Path Policy" adopted by the Postal Inspection Service in 1980. After a thorough review of the record in the case and consideration of the argument of counsel at a hearing on July 17, 1981, the court finds that plaintiff's motion for a preliminary injunction must be denied and the action dismissed.

It is undisputed that plaintiff was appointed a postal inspector in 1966 and has served in Valdosta, Georgia, West Palm Beach, Florida, and Raleigh, North Carolina. On May 18, 1981, plaintiff was notified by defendant Fletcher, Chief United States Postal Inspector, that he was being reassigned to the New York Division of the Inspection Service effective July 27, 1981. The transfer was ordered pursuant to the Career Path Policy, under which vacancies in certain major metropolitan areas which could not be filled by promotions or voluntary transfers would be filled by involuntary transfer of the most senior postal inspector in the nation. Specified groups of inspectors are exempt from the involuntary transfers. It is conceded that plaintiff was at the time of his transfer order the most senior eligible postal inspector.

Plaintiff contends that the Career Path Policy is a radical departure from prior practice of never subjecting postal inspectors to involuntary transfer out of the geographical division to which they were assigned at the time of their appointment. Plaintiff further contends that at the time he applied for the postal inspection position he was told that he would not be transferred out of his division. Defendants dispute this contention, asserting that the postal service has always retained the right to transfer inspectors to any duty station and that this policy has been known to postal inspectors. In support of their contention defendants point to, *inter alia*, the application for employment used at the time plaintiff applied which contains the following questions presumably answered in the affirmative by plaintiff:

"Do you and your family, including your parents and your wife's parents, understand that an applicant when appointed to the inspection service will be assigned to duty at a point distant from his present home?

"Do you understand that inspectors may be arbitrarily assigned and transferred?" Attachment 3 to Defendants' Exhibit A.

Plaintiff attacks the transfer on several grounds which will be addressed seriatim.

■ 1. In Count 1 of the complaint plaintiff contends that defendants have violated the Age Discrimination In Employment Act, 29 U.S.C. § 633a, in adopting the Career Path Policy and in ordering plaintiff's transfer. This contention is based on a claim that the policy discriminates against inspectors who are over forty years of age and that it is a pretext for forcing early retirement of senior postal inspectors. Plaintiff has pending an administrative complaint within the Postal Service complaining of age discrimination. *See* Plaintiff's Exhibit F. Because the administrative proceeding is still pending and plaintiff has not filed a notice of intent to sue with the Civil Service Commission pursuant to 29 U.S.C. § 633a(d), the court is without jurisdiction to address the age discrimination claim or to enter injunctive relief thereon. *See, e.g., Trammel v. Callaway,* 415 F.Supp. 212 (N.D.Miss.1976).

■ 2. Count 2 of the complaint is premised on plaintiff's theory that he has a property interest in continuing employment within a particular geographical division of the inspection service. The court has neither been furnished nor located any authority for this theory and cannot accept it. Ordinary, non-punitive transfers of personnel within governmental agencies simply do not raise constitutional issues warranting judicial review. *Bullard v. Webster,* 623 F.2d 1042 (5th Cir. 1980). *Cf., Gnotta v. United States,* 415 F.2d 1271 (8th Cir. 1969), *cert. denied,* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970); *Pauley v. United States,* 419 F.2d 1061 (7th Cir. 1969); *Kuhl v. Hampton,* 451 F.2d 340 (8th Cir. 1971). Accordingly, count 2 of the complaint must be dismissed.

■ 3. Counts 3 and 4 of the complaint assert a right to judicial review of the Career Path Policy and the transfer order pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* The Postal Reorganization Act, 39 U.S.C. § 410(a), specifically exempts the Postal Service from the judicial review provisions of the Administrative Procedure Act. *See Spinks v. United States Postal Service,* 621 F.2d 987 (9th Cir. 1980); *NAACP v. United States Postal Service,* 398 F.Supp. 562 (N.D.Ga. 1975). The court is without jurisdiction to hear counts 3 and 4, so they must be dismissed.

■ 4. In count 5 of the complaint plaintiff contends that he is entitled to a hearing regarding his transfer pursuant to 39 U.S.C. § 1001(b). Such hearings are required by the statute only for "adverse actions," and not for a transfer such as present here. Neither hearing nor appeal remedies are required by 39 U.S.C. § 1001(b) in the present case. 39 U.S.C. § 1001(e). *See Winston v. United States Postal Service,* 585 F.2d 198 (7th Cir. 1978). Accordingly, this claim is dismissed.

■ Finally, the court notes the stringent standard which must be met for injunctive relief in the federal employment context. The Supreme Court in *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), made it plain that this court must demand a greater showing of actual irreparable injury to plaintiff than would ordinarily be required for preliminary injunctive relief. Plaintiff has not met this burden. While the possible detrimental impact on his younger daughter's medical treatment and educational progress is unfortunate, the evidence regarding the likelihood of such harm is disputed and in any event such harm would not in itself constitute sufficient irreparable injury to warrant injunctive relief under *Sampson.* *E.g., Lester v. United States Postal Service,* 465 F.Supp. 545 (D.Ariz.1979).

Accordingly, plaintiff's motion for a preliminary injunction is denied, defendants' motion for summary judgment is allowed, and the action is dismissed with prejudice, except that count 1 of the action alleging a violation of the Age Discrimination In Employment Act is without prejudice to plaintiff's right to proceed following exhaustion of administrative remedies. The Clerk is directed to enter an appropriate judgment.

SO ORDERED.