786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROSIE DABNER, Plaintiff-Appellant
v.
UNITED STATES POSTAL SERVICE, et al., Defendant-Appellee.
 84-1581
 United States Court of Appeals, Sixth Circuit.
 2/21/86
 
 E.D.Mich.
 REVERSED IN PART, AFFIRMED IN PART AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and BERTELSMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Rosie Dabner, a black woman and a practicing Seventh-Day Adventist, claims that she was discriminated against by the U.S. Postal Service on the basis of her race and her religion. She presented two claims in the court below, one based on breach of contract and the other on Title VII, 42 U.S.C. Sec. 2000e et seq. (1982). The district court dismissed her breach of contract claim because of lack of subject matter jurisdiction. After a two-day bench trial of her Title VII claim, the court below entered judgment in favor of the Postal Service. Dabner appeals both determinations.
 
 
 2
 Dabner applied for a position as a letter carrier with the U.S. Postal Service in Troy, Michigan on July 8, 1977. She passed the written examination for the clerk/carrier position with a score of 75.3. She, along with several others who passed the examination, received a 'call-in' notice to appear for a pre-employment interview. Dabner was interviewed in December, 1978, by Nancy Brown, foreperson of mails at the Troy Post Office. Brown conducted the interview on behalf of John Marchessault, superintendent of postal operations. After the interview, Brown conveyed to Marchessault her positive impression of the plaintiff, and also indicated that because of Dabner's Saturday Sabbath commitments Dabner would be available to work on Sundays. The lower court explicitly accepted Brown's testimony that she did not tell Marchessault that Dabner was black.
 
 
 3
 At this time, either Brown or Marchessault, or one of their employees, misplaced Dabner's 'call-in' notice. Because Marchessault did not have this notice before him when he annotated the hiring worksheet he erroneously assumed that Dabner did not appear for her interview. He therefore marked 'FR' after Dabner's name, which ended Dabner's consideration for a letter carrier position until November of 1979 when Dabner filed an informal complaint with the Postal Service's Equal Opportunity Officer. After discussions between the parties, the Troy Post Office sent Dabner a letter offering her a position as a 'Part Time Flexible Letter Carrier.'
 
 
 4
 Dabner sent a written acceptance of this offer to the Post Office, which then began to process her application further. The routine check of Dabner's driving record revealed three moving violations between July 29, 1977 and March 2, 1979. This disqualified Dabner from receiving a government driver's license, which was a requirement for the position. Dabner then renewed her EEOC complaint, which led to this suit.
 
 
 5
 Dabner's first claim on appeal is that the district court erred in dismissing her breach of contract claim for lack of subject matter jurisdiction. In the court below, she argued that subject matter jurisdiction over this claim was based on 28 U.S.C. Sec. 1346(a)(2) (1982), which provides that the district courts and the Court of Claims have concurrent jurisdiction over civil actions against the United States under $10,000, and that the Court of Claims has exclusive jurisdiction over such actions in excess of $10,000. Based on this allegation of jurisdiction, the court below correctly found that the plaintiff must either surrender her claim for over $10,000 or transfer the suit to the Court of Claims. Dabner refused, and the district court therefore dismissed the claim for lack of jurisdiction.
 
 
 6
 Another federal statute, however, does provide a jurisdictional basis for Dabner's breach of contract claim. In the Postal Reorganization Act of 1970, Congress provided that 'the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service', except those covered by the Federal Tort Claims Act. 39 U.S.C. Sec. 409(a) (1982). The plaintiff did not mention this basis for jurisdiction in either her pleadings or arguments to the court below, and we may safely assume it was not considered by that court.
 
 
 7
 A Postal Service employee may properly sue the Postal Service in federal district court for money damages and equitable relief under this statute. White v. Bloomberg, 501 F.2d 1379, 1383-85 (4th Cir. 1974); Lutz v. United States Postal Service, 538 F. Supp. 1129, 1132-34 (E.D.N.Y. 1982); Neal v. U.S. Postal Service, 468 F. Supp. 958, 960 (D. Utah 1979); Lester v. United States Postal Service, 465 F. Supp. 545, 547 (D. Ariz. 1979); Grassoc v. United States Postal Service, 438 F. Supp. 1231, 1233-36 (D. Conn. 1977).
 
 
 8
 The Postal Service attempts to argue that the plaintiff failed to comply with Rule 8(a), Fed. R. Civ. P., requiring a 'short, plain statement' of the basis for jurisdiction, and that the district court's dismissal of the claim was not an abuse of discretion because, regardless of jurisdiction, it was entitled to judgment on the claim as a matter of law. We do not agree. Another federal statute, 28 U.S.C. Sec. 1653 (1982) provides guidance in this situation. It provides that 'defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' Id. Courts have been afforded wide discretion in interpreting this statute. Miller v. Stanmore, 636 F.2d 986 (5th Cir. 1981); John Birch Soc. v. National Broadcasting Co., 377 F.2d 194 (2d Cir. 1967). This approach is in accordance with the liberal amendment policy of Rule 15(a), Fed. R. Civ. P. We believe that sufficient facts were pleaded to establish jurisdiction under 39 U.S.C. Sec. 409(a). See Jones v. Freeman, 400 F.2d 383, 387 (8th Cir. 1968). We therefore remand this claim to the district court for a determination on the merits. Clark v. National Travelers Life Ins. Co., 518 F.2d 1167 (6th Cir. 1975); Miller v. Davis, 507 F.2d 308 (6th Cir. 1974).
 
 
 9
 Dabner next claims that the district judge erroneously denied her motion for partial summary judgment on the issue of liability in her Title VII claim. Dabner claims that the record before the court at the time she filed this motion established her prima facie case, and the Postal Service's defense of inadvertent error was insufficient to establish a 'legitimate, nondiscriminatory reason' for its failure to hire Dabner under the precepts of McDonell-Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). She therefore argues that she was entitled to judgment as a matter of law.
 
 
 10
 A motion for partial summary judgment may be employed for the determination of liability only. Fed R. Civ. P. 56(c). In any ruling on a motion for summary judgment the court's function is to determine whether any issue of material fact exists that is the subject of a genuine dispute. United States v. Diebold, 369 U.S. 654 (1962). The burden of establishing the absence of dispute as to any material fact lies with the moving party; the trial court must construe the evidence in the light most favorable to the non-moving party.
 
 
 11
 We review a denial of a summary judgment motion by an abuse of discretion standard. Shavrnock v. Clark Oil, 726 F.2d 291, 294 (6th Cir. 1984). Summary judgments are to be granted sparingly in Title VII claims. Price v. Southwestern Bell Telephone Co., 687 F.2d 74, 78 (5th Cir. 1982). In this case, several issues of fact were in dispute at the time the motion for partial summary judgment was made, including the critical issues of Dabner's qualifications for the positions and the credibility of the Postal Service's explanation for its failure to hire Dabner. Under these circumstances, where issues of fact bearing on the plaintiff's prima facie case and the defendant's intent were in dispute, the district court's denial of a motion for partial summary judgment on the issue of liability was not an abuse of discretion.
 
 
 12
 Dabner also challenges the district court's finding of fact that she was not qualified for the position as clearly erroneous. She claims that on the date she should have been hired out for the discrimination, February 10, 1981, she had only two moving violations, not the three necessary to disqualify her from the position.
 
 
 13
 Under Federal Rule of Civil Procedure 52(a), findings of fact shall not be set aside unless they are clearly erroneous. 'A finding is clearly erroneous when although there is evidence on the record to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 394 (1948). Recently, the Supreme Court emphasized the importance of an appellate court's deference to a trial court's view of the facts, stating that 'the trial on the merits should be the 'main event' . . . rather than a 'tryout on the road." Anderson v. City of Bessemer, ---- U.S. ----, 105 S. Ct. 1504 (1985).
 
 
 14
 The trial judge in this case heard many witnesses testify concerning the plaintiff's qualifications. Her poor driving record and her prior discharge for cause from another post office were among the reasons which could have led to his decision. Further, the trial judge, after hearing all the evidence in the case, determined that the Postal Service lacked the requisite discriminatory intent to establish a violation of Title VII. The lower court thoroughly examined the Postal Service's defense in this case, and concluded that it was not pretextual. We therefore decline to reverse the lower court's determination.
 
 
 15
 Finally, Dabner claims to have been prejudiced by the exclusion of a prior act of discrimination by John Marchessault, one of the defendants in the case. The relevant exchange at trial was as follows:
 
 
 16
 MR. KAREGA: May I make an offer of proof?
 
 
 17
 THE COURT: What is the offer of proof?
 
 
 18
 MR. KAREGA: I would offer to prove that Mr. Marchessault discharged Miss McGowan on 9-14-78 and she had filed charges of employment discrimination specifically naming Mr. Marchessault and Mr. Marchessault had signed an affidavit in connection with those charges of discrimination.
 
 
 19
 I would also offer to prove that after a full and complete hearing a determination was made by the Hearing Officer from the Equal Employment Opportunity Commission that discrimination had occurred, in fact, in the discharge of Miss McGowan.
 
 
 20
 I would also offer to prove that Ms. McGowan was a letter carrier employed at Troy under the supervision of Mr. Marchessault.
 
 
 21
 I would offer to prove that she was ordered reinstated and paid back pay as a result of those proceedings.
 
 
 22
 I think, your Honor, that certainly a prior incident of discrimination involving the same person whose representations were being asked by the Government to accept at face value here is material and relevant to these proceedings and during the same period of time involved, 1978, a finding, conclusive finding has been made with the employment discrimination based on race occurred with a letter carrier.
 
 
 23
 THE COURT: This was with the Michigan Civil Rights Commission?
 
 
 24
 MR. KAREGA: The Equal Employment Opportunities Commission, an agency of the United States Government.
 
 
 25
 THE COURT: All right, let's accept that all you have said is true.
 
 
 26
 MR. KAREGA: I'm sorry?
 
 
 27
 THE COURT: It is in evidence, your statement is in evidence.
 
 
 28
 MR. KAREGA: That's all. Thank you very much.
 
 
 29
 THE COURT: All right.
 
 
 30
 From this record it seems that the prior act of discrimination was accepted as true and admitted into evidence; therefore, no prejudice can be shown.
 
 
 31
 The plaintiff's claim that the trial court failed to make proper findings of fact is without merit. Rule 52, Fed. R. Civ. P.; Grover Mill v. Baughman, 728 F.2d 787, 792 (6th Cir. 1984).
 
 
 32
 The lower court's dismissal of the plaintiff's breach of contract claim against the Postal Service for lack of jurisdiction is therefore reversed, and this claim alone is remanded to the district court for a determination on the merits. The dismissal by the district court of the remaining claims is affirmed.
 
 
 33
 The judgment is reversed in part, affirmed in part and remanded for consideration of the breach of contract issue.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation