Victor J. GAJ

v.

**UNITED STATES POSTAL SERVICE, United States of America, William Bolger, Postmaster General and John F. Burkey.**

**Appeal of Victor J. GAJ.**

**No. 86–5062.**

United States Court of Appeals, Third Circuit.

Argued Aug. 6, 1986.

Decided Sept. 4, 1986.

---

Joseph L. Vullo (argued) Wilkes-Barre, Pa., for appellant.

James J. West, U.S. Atty., Frederick E. Martin, Asst. U.S. Atty., Lewisburg, Pa., Stephen E. Alpern, Associate Gen. Counsel, Lori Joan Dym (argued), Washington, D.C., for appellees.

Before SEITZ, ADAMS, and STAPLE-TON, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Plaintiff, Victor Gaj, brought this action in the District Court for the Middle District of Pennsylvania claiming that the defendants, the United States Postal Service, the Postmaster General of the United States, and the Postmaster of the Wilkes-Barre post office, had refused to re-hire him because of protected actions he had taken while previously employed by the Postal Service and because he is handicapped. The district court granted the defendants' motions for summary judgment. Gaj then filed a motion to amend the district court's judgment. After the district court denied the motion to amend, Gaj filed a timely appeal.

## I.

Gaj was an employee of the Postal Service from June, 1973 to March, 1976; during that time he was active in union affairs as health and safety officer. He complained to the Postal Service about safety matters and working conditions, including the noise level, and the fact that a conveyor belt was permitted to operate while employees performed maintenance on it. During the period Gaj, who is a disabled veteran with sight in only one eye, also filed a lawsuit against the Postal Service alleging handicap discrimination. The lawsuit was dismissed. Eventually, Gaj quit his employment because of the safety deficiencies.

Three years after leaving his job, Gaj applied for re-employment as a mail handler or clerk carrier with the Wilkes-Barre Post Office. The Postal Service gave several inconsistent reasons for denying his application. On October 2, 1979, Gaj received a letter from the Postmaster of the Wilkes-Barre Post Office stating: "Particular attention has been given your past Postal Service record and any other interaction with this agency. Our review indicates that it would not be in the best interests of the Postal Service to process your application further." However, in a letter to Congressman Nickey Leyland dated September 17, 1981, Edward Horgan, Postmaster of the Wilkes-Barre Post Office, stated that Gaj was not hired because he was unable to pass the vision requirements for operating a right hand drive vehicle. And, Gerhard Brasche, Personnel Management Specialist, in an affidavit dated May 9, 1985, stated that Gaj's name was never reached on the mail handler list because all the positions were filled by applicants with higher ratings. The mail handler list shows, however, that Andrew Savina was hired, and he had the same rating as Gaj.

Gaj filed a new complaint on August 19, 1983 against the Postal Service, Postmaster General William Bolger and Wilkes-Barre Postmaster John Burkey. He filed an identical complaint against the United States on April 19, 1984, under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). These two complaints were consolidated by the district court. Count I of each complaint alleges that the defendants violated the Postal Reorganization Act, 39 U.S.C. § 1001(b), and the FTCA, by failing to apply the Postal Service's merit selection system to his application. Count II of each complaint, grounded in the FTCA and in 28 U.S.C. § 1331, alleges that the defendants violated Gaj's first amendment rights by denying him employment because of his safety complaints, and his fifth amendment rights by denying him employment because of his union activities. Count III of the complaints avers that the defendants violated the Postal Reorganization Act, 39 U.S.C. § 1003(b), and the FTCA, by failing to extend opportunities to the handicapped.

On October 30, 1984, the district court dismissed the Postal Service as a defendant, and also rejected the plaintiff's demands for a jury trial and punitive damages. On March 29, 1985, the district court dismissed Gaj's claims under the FTCA, because Pennsylvania does not recognize the tort of failing to hire based on a handicap, *see Bruffett v. Warner Communication,* 692 F.2d 910 (3d Cir.1983), and under 39 U.S.C. § 1003(b), because adequate remedies exist under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. No appeal was taken from these rulings, and these determinations thus are not at issue on this appeal.

By memorandum and order of July 11, 1985, the district court also disallowed Gaj's fifth amendment claim on the ground that an adequate remedy exists under the National Labor Relations Act for discrimination based on prior union activities, and his first amendment claims on the ground that safety complaints do not constitute "speech regarding public issues" and therefore are not protected by the first amendment. The district court also dismissed Gaj's claim of handicap discrimination because he had access to an adequate alternative remedy before the Equal Employment Opportunity Commission. Finally, the district court granted the defendants' motions

for summary judgment on Count I of each of the complaints because the Postal Service has in place a merit selection system that is applicable to Gaj's request for employment.

Gaj filed a motion to amend the judgment, which the district court treated as a motion to reconsider the judgment. In a memorandum and order dated November 22, 1985, the district court declined to change its judgment. Plaintiff appeals from that order. Because the district court treated Gaj's motion as one to reconsider, rather than simply to amend, the judgment, we will review the order as such and give each claim full consideration.

## II.

### A. The *Bivens* Claims

Inasmuch as the district court allowed Gaj the opportunity to submit affidavits and briefs in opposition to the defendants' motions for dismissal, we will treat the dismissals as summary judgments. Fed.R. Civ.P. 56.

The Supreme Court held in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that when a federal agent acting under color of his authority violates an individual's constitutional rights a cause of action for damages may arise against such agent. *See also Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). A *Bivens* action may be defeated, *inter alia*, in two situations: when Congress has provided an alternative remedy which it has explicitly declared to be a substitute for recovery directly under the Constitution, *Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980); *see also Muhammad v. Carlson*, 739 F.2d 122, 124 (3d Cir.1984), and when the defendants demonstrate special factors counselling hesitation, *Bivens*, 403 U.S. at 396, 91 S.Ct. at 2004–05.

■ In *Connick v. Meyers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the Supreme Court held that:

when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

*Id.* at 147, 103 S.Ct. at 1690. The Court stressed that a careful factual inquiry must be made. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147–48, 103 S.Ct. at 1690. Gaj's complaints concerned the noise level and conveyor belt maintenance. While in some instances such complaints might comprise criticisms of the safety policies of the Postal Service and therefore rise to the level of public concern, that is not the situation here. Rather, Gaj was merely expressing himself as an employee dissatisfied with his own conditions of employment. He stated in his affidavit: "These ... safety complaints were not made to protect the interest of other employees but were made to protect myself." The record as a whole reveals that Gaj "did not seek to inform the public that the [Postal Service] was not discharging its governmental responsibilities ... nor ... seek to bring to light actual or potential wrongdoing or breach of public trust." *Connick*, 461 U.S. at 148, 103 S.Ct. at 1691. Since Gaj has not established that a constitutionally protected right has been violated, we will uphold the grant of summary judgment on this issue.

■ Summary judgment for the defendants was also proper on Gaj's claim of discrimination on the basis of prior union activities. In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court declared that one of the "factors counselling hesitation" under *Bivens* is a question as to "who should decide whether such a remedy should be provided." *Id.* at 380, 103 S.Ct. at 2413. The

plaintiff in *Bush* was an aerospace engineer employed by NASA who was demoted after making statements to the press highly critical of the agency. A member of the civil service, he appealed his demotion through the various statutory avenues available to him. The Court declined to award damages in his case, stating that:

> [t]he question is not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue. ... Congress is in a far better position than a court to evaluate the impact of a new species of litigation between federal emplyees on the efficiency of the civil service.

Id. at 388–89, 103 S.Ct. at 2417. Gaj admits that his claims of discrimination on the basis of prior union activities can be brought before the National Labor Relations Board. The availability of this elaborate remedial scheme is a factor counselling hesitation, and this Court will therefore not create an alternate remedy under *Bivens*.

■ We also will uphold the district court's grant of summary judgment to the defendants on Gaj's claim that he was denied employment because he is physically handicapped. A *Bivens* plaintiff must assert that a constitutionally protected right has been violated. *Davis v. Passman,* 442 U.S. at 234, 99 S.Ct. at 2271. Gaj has asserted no constitutionally protected right to be free from discrimination on the basis of handicap. This does not mean, of course, that Gaj is without a remedy if he has been a victim of handicap discrimination. Congress has prohibited such practices by federal agencies, and has set up the Equal Employment Opportunity Commission to resolve such complaints. 29 CFR § 1613.703. Gaj must seek his remedy there.

**B. The Claim Under 39 U.S.C. § 1001(b)**

■ Plaintiff maintains that the Postal Service's failure to apply its merit selection system to him provides him a cause of action under the Postal Reorganization Act, 39 U.S.C. § 1001(b). That statute directs the Postal Service to set up a postal career service, and to make "appointments and promotions ... in accordance with the procedures established by the Postal Service." The district court's grant of defendant's motion for summary judgment on this issue will be upheld because there is no implied cause of action under the statute.

In *Middlesex County Sewerage Authority v. National Sea Clammers,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), the Supreme Court made clear that the primary inquiry into the existence of an implied remedy must be to ascertain the intent of the legislature. To determine Congressional intent, the Court declared, "[we] look first, of course, to the statutory language, particularly to the provisions made therein for enforcement and relief. Then we review the legislative history and other traditional aids of statutory interpretation...." *Middlesex,* 453 U.S. at 13, 101 S.Ct. at 2623.

The clear intent of Congress in passing the Postal Reorganization Act was to make the Postal Service an independent executive agency, to improve the efficiency of the mail system, to improve labor management relations, and to make the Postal Service self-supporting. 39 U.S.C. § 101. Neither the language of the statute nor its legislative history shows that Congress intended to create a private remedy. The statute merely directs that "[s]uch appointments and promotions shall be in accordance with the procedures established by the Postal Service"; there is no provision for enforcement or relief. We have previously declared that "when the statute is of a general proscriptive character—that is, when the statute simply imposes a duty without 'an unmistakable focus on the benefited class,'—the [Supreme] Court has found 'far less reason' to infer a remedy from a silent statute." *U.S. v. FMC,* 717

F.2d at 781 (citations omitted). Since such is the case here, we will not recognize a private right of action under the Postal Reorganization Act.

### C. Claims Under the Federal Tort Claims Act

■ Gaj asserts a cause of action arising under the FTCA because he was discriminated against on the basis of his safety complaints. The FTCA waives sovereign immunity "for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Gaj maintains that the United States, if a private person, would be liable under Pennsylvania law because Pennsylvania recognizes a tort for refusing to hire an applicant for reasons contrary to public policy. *See Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Hunter v. Port Auth. of Allegheny Cty.*, 277 Pa.Super. 4, 419 A.2d 631 (1980). Even though Pennsylvania does recognize the tort alleged, we believe that the Pennsylvania courts would not extend to Gaj a cause of action based on an employee's refusal to hire bottomed on his safety complaints.

In *Geary*, the Pennsylvania Supreme Court held that:

> where the complaint itself discloses a plausible and legitimate reason for terminating an at-will employment relationship and no clear mandate of public policy is violated thereby, an employee at will has no right of action against his employer for wrongful discharge.

*Geary*, 456 Pa. at 184–85. The language in *Geary* has been interpreted as creating a right of action when the discharge of an employee violates public policy. The plaintiff in *Geary*, a salesman for U.S. Steel, was discharged after he warned his superiors that a new product was inadequately tested and presented a safety hazard to those who worked near it. Even though

his warnings proved accurate, the court found that public policy was not threatened by his discharge. Since the facts alleged by Gaj are similar to those in *Geary*, we conclude that no public policy recognized by the Pennsylvania courts would be violated if the Postal Service had declined to hire him because of his safety complaints. *See also Yaindl v. Ingersoll-Rand Co.*, 281 Pa. Super. 560, 422 A.2d 611 (1980).

■ The plaintiff also insists that under the FTCA the Postal Service failed to perform a duty required by law because it did not apply its merit selection system to him, as required by 39 U.S.C. § 1001(b). It has long been the law in Pennsylvania that:

> where a statute imposes upon any person a *specific duty for the benefit of others*, if he neglects or refuses to perform such duty he is liable for any injury caused by such neglect or refusal if such injury is of the kind which the statute was intended to protect.

*Everett v. Harron*, 380 Pa. 123, 110 A.2d 383 (1955) (emphasis added). The statute in *Everett* prohibited discrimination on the basis of race in places of public amusement, and was enacted for the special benefit of minority groups, giving them the right to sue. The statute at issue here, 39 U.S.C. § 1001(b), imposes no specific duty upon the postmaster for the special benefit of others; rather, it is merely of a general prescriptive character. Therefore, even if the Postal Service had not applied its merit selection system to Gaj, there would be no tort under Pennsylvania law, and there can be no cause of action under the FTCA.

### III.

Since the district court did not err in dismissing the *Bivens* claims and in granting summary judgment with respect to the remaining claims, the judgment of the district court will be affirmed.