Maria S. **BLAIR**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. H–84–4904.**

United States District Court,
S.D. Texas,
Houston Division.

April 17, 1987.

James W. Holtz, Houston, Tex., for plaintiff.

Keith Edward Wyatt, Asst. U.S. Atty., Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before the Court are Defendant's Motion for Dismissal and/or Motion for Summary Judgment. Having considered the pleadings on file, the materials attached thereto, the oral arguments and representations made to the Court at a motion hearing on March 9, 1987, and the law applicable thereto, this Court is of the opinion that Defendant's Motion to Dismiss under 12(b)(6) should be treated as a Mo-

tion for Summary Judgment and should be, and hereby is, GRANTED.

## BACKGROUND

Plaintiff, Maria S. Blair, applied for employment as a mail carrier and complains of her nonselection for employment with the Houston post office. She took an open clerk/carrier examination and, in accordance with the Postal Service P–11 Handbook (P–11 Handbook), her name was placed on a register (a list of eligible applicants) for potential competitive selection for carrier vacancies in Houston. In August, 1983, Ms. Blair was reached for consideration for a carrier vacancy at the Houston, Texas, Post Office. Under the rules contained in the P–11 Handbook, the selection for the vacancy was made from among those determined to be "best qualified" on a "rule of three" basis. Under this rule, the selection for a particular vacancy is made from among the three highest rated eligible applicants who are available from a register appropriate for a selection of a mail carrier. The P–11 Handbook provides the hiring official virtually unfettered discretion in making the selection from among this group of three.

Under this procedure of the "rule of three," the hiring official for the Houston mail carriers considered but did not select Ms. Blair three times. Plaintiff, Ms. Blair, alleges that the hiring official improperly considered her prior convictions for theft and marihuana possession, essentially finding Ms. Blair unsuitable for the mail carrier positions. Determination of unsuitability is governed by specific rules in the P–11 Handbook different from the "rule of three" regulations.

## ANALYSIS

Plaintiff's original complaint sought to state a claim for race and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e–16. This Court, however, dismissed the Plaintiff's claim for alleged discrimination because service of process was not effected on the proper Defendant with-

in the statute of limitations period.[1] While this Court denied Plaintiff's Motion for Leave to Amend in order that Plaintiff could name the Postmaster General,[2] the Court granted Plaintiff's Motion for Leave to Amend in order that Plaintiff may assert a possible claim "cognizable under 39 U.S.C. § 409 as a 'promissory estoppel' or breach of contract allegation against the United States Postal Service." Plaintiff's Brief In Support of Second Motion Leave to Amend Complaint at 2. Before the Court are Defendant's alternative Motions for Dismissal and Summary Judgment challenging the propriety of Plaintiff's implied cause of action for alleged violations of Post Office employment regulations.

 Initially, in the Plaintiff's Motion for Leave to Amend her Complaint, Plaintiff relied upon legal theories of promissory estoppel and/or breach of contract to establish a violation of a contractual right to have the Postal Service employment regulations properly applied. Plaintiff cited two cases in her Motion for Leave to Amend to support her theories. *Grasso v. United States Postal Service,* 438 F.Supp.

1231 (D.C.Conn.1977) and *Lester v. United States Postal Service,* 465 F.Supp. 545 (D.C.Ariz.1979). Neither of these stand for the proposition that a contractual relationship exists or can be implied between an applicant for a postal service position and the Post Office. Rather, these cases establish the basis for the U.S. District Court's jurisdiction over suits against the Postal Service via 39 U.S.C. § 409. This Court finds it has jurisdiction over the alleged cause of action.[3] The key question is whether Plaintiff states a cause of action.

In the amended complaint actually filed, Plaintiff asserts this Court's jurisdictions via 39 U.S.C. § 409 and attempts to state a cause of action for an "unlawful employment practice" by the U.S. Postal Service for failure to comply with its regulations regarding the application and hiring process. These regulations are promulgated under the authority of 39 U.S.C. § 1001(e) and are specifically described in the P–11 Handbook. Plaintiff's amended complaint "contends that this Handbook and applicable regulations contained therein, constitut-

---

1. Section 2000e–16(c) provides that in a discrimination suit against a government agency, the head of the agency sued is the proper defendant entitled to receive notice of the pending suit. 42 U.S.C. § 2000e–16(c) (1981). Plaintiff, instead, named the United States Postal Service as a Defendant and served, not the Postmaster General, but the Houston Postmaster, the Houston United States Attorney [sic], and the United States Attorney General.

2. Plaintiff contended that the service on the Houston Postmaster and the Attorney General within the 120–day allowance period of Fed.R. Civ.P. 4(j) provided the notice "within the period provided by law for commencing the action," required by Fed.R.Civ.P. 15(c), the rule which governs amendment. The Fifth Circuit had previously supported Plaintiff's contention. *See, e.g., Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d 1255, 1257 (5th Cir.1985). However, a recent United States Supreme Court decision has precluded such an interpretation of Fed.R.Civ.P. 15(c). *Schiavone v. Fortune,* — U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

In *Schiavone,* the Court held that Fed.R.Civ.P. 4 and the 120–day allowance for service pursuant to Rule 4 applies to service of process only. By contrast, Fed.R.Civ.P. 15(c)'s phrase "within the period provided by law for commencing the action" means within the applicable limitations period. Service achieved after the limitations period has ran, but within 120 days of filing, is not service "within the period provided by law for commencing the action" and thus cannot provide the required notice to a party whom the plaintiff seeks to add by amendment. *Schiavone,* 106 S.Ct. at 2385.

3. Plaintiff relies on several cases to establish this Court's jurisdiction over a suit against the Postal Service but not necessarily a suit against the United States. *See Grasso* at 1234. Title 39 U.S.C. § 409(a), juxtaposed to 39 U.S.C. § 409(c), establishes this Court's jurisdiction over nontort claims; however, the Tucker Act, 28 U.S.C. § 1346(a)(2), in part, takes that jurisdiction away. As to nontort claims, not in excess of $10,000 and founded either on a constitutional cause of action or any express or implied contract cause of action, the district court has concurrent jurisdiction with the Court of Claims. The Court will not delve into the technical necessities of whether the United States is a necessary party to Plaintiff's claim and of whether the Tucker Act restricts this Court's jurisdiction. The Plaintiff's most likely remedy, if any, would be to restore her name to the appropriate United States Postal Service hiring register. *See, e.g., Hughes v. United States Postal Service,* 730 F.2d 967, 969–70 (4th Cir.1984). A nonmonetary remedy, specifically against the U.S. Postal Service, would be within the jurisdiction of this Court via 39 U.S.C. § 409.

ed part of an express agreement between Defendant and applicants for employment to the U.S. Postal Service...." Plaintiff's Amended Complaint at 4. Subsequently, in response to Defendant's challenge to the Court's jurisdiction via 28 U.S.C. § 1346(a)(2), Plaintiff states that she "does not allege a contract claim in [her] complaint. Plaintiff alleges an unlawful employment practice against the U.S. Postal Service for failure to comply with its regulations regarding the application and hiring process." Plaintiff's Amended Complaint at 3–4.

■ The Court surmises that Plaintiff's ambiguous and contradictory descriptions of her alleged cause of action are most likely intended to finesse the jurisdictional problems presented by this case.[4] However, the lack of clarity does seem indicative of the amorphous nature of the cause of action plaintiff attempts to state. Essentially, Plaintiff attempts to imply a private cause of action from a federal statute. The seminal case dealing with implied causes of action is *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In order to establish a private right or cause of action from a statute, the Court must consider the following factors: (1) whether the Plaintiff is one of a class for whose special benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law. *Cort* at 78, 95 S.Ct. at 2087. In the twelve years since *Cort,* the case law has narrowed the focus to legislative intent. *Middlesex County Sewerage Authority v. Nat'l Sea Clammers,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *United States v. Parish of St. Bernard,* 756 F.2d 1116, 1122 (5th Cir.1985). In searching for a legislative intent to create a private cause of action, the Fifth Circuit has held that an incidental benefit to the Plaintiff is not enough. *Roberts v. Cameron-Brown Co.,* 556 F.2d 356, 360 (5th Cir.1977).

■ The specific statute in question and from which Plaintiff attempts to imply a private cause of action is 39 U.S.C. § 1001(e). Literally, this statute simply vests the Postal Service with authority to conduct its own personnel decisions, for example, to hire, direct, discipline, and discharge Postal Service officers and employees. The legislative history of section 1001(e), along with section 1002, indicates that these statutes were to aid in improving the efficient operation of the Postal Service and to remove it from a political patronage system. *See generally Buchanan v. United States,* 508 F.2d 259 (5th Cir.1975).

It appears clear to this Court that the Fifth Circuit presently does not look favorably upon implied causes of action. It does appear, however, that the Fifth Circuit has never specifically addressed an implied cause of action for the Post Office's alleged failure to correctly apply its own merit selection system.

The parties cite cases from the Fourth and Third Circuits that more closely address the specific issue before the Court. Plaintiff relies upon the Fourth Circuit case of *Hughes v. United States Postal Service,* 730 F.2d 967 (4th Cir.), *cert. denied,* 469 U.S. 834, 105 S.Ct. 127, 83 L.Ed.2d 68 (1984). The Defendant cites the Third Circuit case of *Gaj v. United States Postal Service,* 800 F.2d 64 (3d Cir.1986). Reviewing these authorities, the Court finds the *Gaj* case more directly on point and the holding more appropriate to the Fifth Circuit's view on implied causes of action. In *Gaj,* the Court examined the legislative history of 39 U.S.C. § 1001 and found that the Postal Service's alleged failure to follow its personnel procedures, in order to rehire the plaintiff, did not state an actionable claim. *Gaj* at 68–69. The *Hughes* case, however, addresses solely the appropriate remedy, if any, for an alleged misapplication of the Postal Service regulations in a situation involving an individual who was already an employee of the Postal Service. It is important to note that in *Hughes* the court

---

4. Note 3, *supra.*

**528**

viewed any award of monetary relief as inappropriate. *Hughes* at 969. Therefore, for all of the above reasons, this Court finds no implied cause of action against the U.S. Postal Service for alleged violations of the Postal Service's own regulations.

It is therefore

ORDERED that Defendant's Motions to Dismiss pursuant to Rule 12(b)(6) and for Summary Judgment are GRANTED. Furthermore, it is

ORDERED that Plaintiff's case be DISMISSED.