Sylvester **BLAZE**, Plaintiff-Appellant,

v.

Gary **PAYNE**, et al., Defendants,

**United States Postal Service,**
**Defendant-Appellee.**

No. 86–4854
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 16, 1987.

David L. White, Rogers & White, Bossier City, La., for plaintiff-appellant.

Kevin B. Rachel, Atty., Office of Labor Law, U.S. Postal Service, Washington, D.C., Joseph S. Cage, Jr., U.S. Atty., John

R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The issue in this case is whether any private right of action can be implied from 39 U.S.C. § 1001(b), which authorizes the United States Postal Service, recently metamorphosed to a private-sector-style corporation, to "establish procedures" governing employee career development and adverse employment actions.[1] We agree with the Third Circuit's rejection of any such action and affirm the district court's dismissal of appellant's claim.

Appellant Blaze has been employed by the United States Postal Service in Shreveport, Louisiana as a mail handler for eleven years. On February 11, 1985, a fellow postal service employee, Gary Payne, assaulted Blaze and a fight ensued. The Postal Service temporarily suspended Blaze for resisting efforts to end the fight and for being argumentative and uncooperative with postal supervisors. On January 16, 1986, an arbitrator overturned the suspension and ordered the Postal Service to compensate Blaze for any lost pay.

One month later, Blaze sued the Postal Service and Payne seeking damages for alleged torts and for various unpleasant working conditions in alleged breach of 39 U.S.C. §§ 1001 and 1003.[2] The district court granted the motion of the Postal Service to dismiss or alternatively for summary judgment on all grounds and remanded to state court the remaining state law tort claim against Payne. Blaze timely appealed.

On appeal, Blaze attacks only the dismissal of his claim for the alleged violations of 39 U.S.C. § 1001(b). He argues in broad, vague terms that material facts exist which demonstrate a violation of § 1001, but he does not address the threshold question whether § 1001(b) creates a private cause of action against the Postal Service.

We are authorized to imply private rights of action only if Congress can be fairly said to have intended them. To determine Congressional intent, "[w]e look first, of course, to the statutory language, particularly to the provisions made therein for enforcement and relief." *Middlesex County Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 13, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981). The Third Circuit, reviewing the statutory scheme for the reorganized Postal Service, concluded that:

> The clear intent of Congress in passing the Postal Reorganization Act was to make the Postal Service an independent executive agency, to improve the efficiency of the mail system, to improve labor management relations, and to make the Postal Service self-supporting. 39 U.S.C. § 101. Neither the language of the statute nor its legislative history shows that Congress intended to create a private remedy.

*Gaj v. United States Postal Service*, 800 F.2d 64, 68–69 (3d Cir.1986); accord *Blair v. United States Postal Service*, 657 F.Supp. 524 (S.D.Tex.1987).

The Third Circuit pointed to the general prescriptive nature of § 1001(b), which merely directs the Postal Service to estab-

---

1. Officers and employees of the Postal Service (other than those individuals appointed under sections 202, 204, and 1001(c) of this title) shall be in the postal career service, which shall be a part of the civil service. Such appointments and promotions shall be in accordance with the procedures established by the Postal Service. The Postal Service shall establish procedures, in accordance with this title, to assure its officers and employees meaningful opportunities for promotion and career development and to assure its officers and employees full protection of their employment rights by guaranteeing them an opportunity for a fair hearing on adverse actions, with representatives of their own choosing.
   39 U.S.C. § 1001(b).

2. Although Blaze cited 39 U.S.C. § 1003 he did not invoke any claims or allegations pertinent to that section. Moreover, on appeal Blaze has abandoned any claims under § 1003 and looks only to 39 U.S.C. § 1001 for relief.

lish personnel management procedures.[3] Reinforcing our conclusion that Congress did not intend to authorize an additional employee remedy in § 1001(b) is the otherwise comprehensive labor law scheme that was embodied in the Postal Reorganization Act, 39 U.S.C. § 101 et seq. and was modeled after private sector labor law. 39 U.S.C. §§ 1201–09; H.R.Rep. No. 91–1104, 91st Cong., 2d Sess. 2, reprinted in 1970 U.S.Code Cong. & Admin.News 3649, 3662. See also *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir.1985). Pursuant to this scheme, postal employees were given full right to bargain collectively over their wages, hours, and conditions of employment through exclusive bargaining representatives. 39 U.S.C. §§ 1202–06.[4] The Postal Service is the only federal entity covered by the National Labor Relations Act and subject to the jurisdiction of the National Labor Relations Board. Postal employees, like private employees, may file unfair labor practice charges with the NLRB, 39 U.S.C. § 1209, or pursue employment discrimination claims. 42 U.S.C. § 2000e–16; 29 U.S.C. § 794a. Congress expressly deviated from the private sector model in granting postal preference eligibles, principally veterans, the option to challenge adverse actions before the Merit Systems Protection Board. 39 U.S.C. § 1005. In the face of this carefully crafted body of labor law pronouncements, the Third Circuit's description of Congressional intent is, if anything, an understatement. There is no room for the weedlike implied remedy sought by Blaze in the flourishing garden of express employee remedies created pursuant to the Postal Reorganization Act.

Finding no congressional intent to create a private right of action under § 1001(b), Blaze has failed to state a claim upon which relief could be granted, and the district court's grant of summary judgment was proper.

AFFIRMED.

3. Blaze's allegations do not suggest that the Postal Service failed to establish such procedures, but rather challenge specific employment actions taken in relation to him.

4. Blaze has employed in some degree grievance procedures available through the agreement between the Mail Handlers Union, of which he is a member, and the Postal Service to address some of his complaints.