**Marvin W. DOWDEN, Jr.**

v.

**Preston R. TISCH, Postmaster General United States Postal Service.**

Civ. A. No. B–87–00591–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 7, 1988.

Richard J. Clarkson, Law Offices of Gilbert T. Adams, Beaumont, Tex., for plaintiff.

O. Kenneth Dodd, Asst. U.S. Atty., Beaumont, Tex., for defendant.

MEMORANDUM OPINION

COBB, District Judge.

I.

*History of the Case*

Marvin W. Dowden, Jr. (Dowden) was dismissed from employment as a letter carrier by the United States Postal Service on February 1, 1982. The grounds for his removal were set out in a "Notice of Pro-

posed Removal" dated December 30, 1981. Dowden appealed his dismissal to the United States Merit Systems Protection Board (MSPB) of February 23, 1982. A hearing on the appeal was heard on August 10, 1982, and an opinion was rendered on July 19, 1983. Such opinion was adverse to Dowden, and he appealed that initial decision by Petition for Review. The Board rendered its decision on March 1, 1985. The decision of the Board was adverse to Dowden, and he appealed that decision to the United States Equal Employment Opportunity Commission (EEOC). The opinion of the EEOC was rendered on March 4, 1987. The EEOC decision was also adverse to Dowden.

At the time of the initial hearing before the MSPB, Dowden and the United States Postal Service stipulated to the following facts:

(1) Dowden was an employee of the United States Postal Service, Beaumont, Texas, on December 15–16, 1981.

(2) On said dates, Dowden was employed as a city letter carrier, a position he held from date of employment, April 3, 1967, to February 1, 1982, the effective date of removal.

(3) Dowden is a preference eligible.

(4) An examination of Route 560 was conducted on December 15, 1981.

(5) The official route schedule for Route 560 was as indicated below:

Reporting Time — 7:00 a.m.
Leaving Time — 8:40 a.m.
Returning Time — 3:20 p.m.
Ending Time — 3:55 p.m.

(6) Dowden requested fifteen minutes auxiliary assistance on December 15, 1981.

(7) The elements of the past record, included in the Notice of Proposed Removal, are correct.[1]

Dowden filed suit in this court against the Postmaster General and the United States Postal Service for violating Postal Service regulations passed pursuant to the Postal Service Reorganization Act, 39 U.S.C. § 101, *et seq.* He also asserts a handicap discrimination claim based on the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*

Plaintiff in effect seeks a mixed review of his termination from the Postal Service. *See, Wiggins v. United States Postal Service,* 653 F.2d 219, 222 (5th Cir.1981). Pursuant to 5 U.S.C. §§ 7702, 7703, his prayer for reversal of the prior administrative decisions is to be decided by a review of the administrative record. His handicap discrimination claim is to be decided by trial *de novo. Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

## II.

### The MSPB Decision

The Civil Service Reform Act requires the MSPB to sustain an agency action, such as herein involved, if the action is supported by a preponderance of the evidence, and is not contrary to applicable laws and procedures.[2] Removal of the employee must be for "such cause as will promote the efficiency of the Service." 5 U.S.C. § 7513(a).

In the present case, both the presiding official and the Board correctly concluded that Dowden's removal for disobedience was (1) supported by a preponderance of the evidence, and (2) promoted the efficien-

1. Although the elements are correct, they are not complete. Dowden was also previously removed from the Postal Service for failure to follow the orders of a supervisor. That removal was reversed by an independent arbitrator.

2. Title 5 U.S.C. § 7701(c)(1) and (2) provides the standard of review which the MSPB applies to a review of agency decisions; *see also,* MSPB Regulations at C.F.R. §§ 1201.56(a) and (b). Although the MSPB reached its decision on a preponderance of the evidence standard, this court must review the MSPB decision only as to whether it was supported by substantial evidence. *Dunning v. National Aeronautics and Space Administration,* 718 F.2d 1170 (D.C.Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Borsari v. Federal Aviation Administration,* 699 F.2d 106 (2d Cir.1983). It need not be a preponderance. *Stanek v. Dept. of Transportation,* 805 F.2d 1572 (Fed.Cir.1986).

cy of the Postal Service. The MSPB decision was supported by substantial evidence, it was not arbitrary or capricious, and it was not obtained without following procedures required by law, rules or regulations. *See* 5 U.S.C. § 7703(c). Dowden does not seem to claim that the MSPB decision was not supported by substantial evidence, or that his removal was arbitrary and capricious. He does, however, claim three violations of Postal Service regulations. *See*, 5 U.S.C. § 7703(c)(2).

■ In his complaint, Dowden charges first that Mr. Charles Alberto, the removing official, did not have a "written delegation of authority from the Postmaster." *See, Plaintiff's Complaint* at 6. Dowden does not claim that Mr. Alberto was not authorized to perform his functions, but only that he did not have a specific and separate written authorization to act in Dowden's removal. That claim was considered by the MSPB, and was not accepted. There was substantial evidence to support the MSPB position concerning Mr. Alberto's authority to act. Mr. Alberto testified that he was authorized to perform the functions of his position. In addition, Mr. Alberto had authority to act in personal matters without specific authorization. He is Director of Employee and Labor Relations, Beaumont Sectional Center. Postal Service regulations directly authorize him to approve personnel actions, including removals. Thus, plaintiff's unsubstantiated claim that there was a break in the paperwork trail on an immaterial matter does not create harmful error.

■ Dowden's second and third claims of procedural error involve the route inspection conducted on December 16, 1981. He alleges: (1) the inspection should have been conducted six times, (2) the inspection should not have been conducted in December, and (3) the inspector should have counted the mail piece by piece. Those claims were all considered by the MSPB, and rejected. There was substantial evidence to support the MSPB's conclusion. Even if there had been error, it would not have affected any of Dowden's substantial rights because he was charged only with

disobedience of orders; and inspection methods had nothing to do with his intransigent defiance. *See, Cornelius v. Nutt,* 472 U.S. 648, 105 S.Ct. 2882, 2890, 86 L.Ed. 2d 515 (1985). Nor can Dowden claim that any provision of the Postal Service delivery methods handbook prevents a supervisor from supervising carriers by accompanying them on their route and monitoring their performance. In fact, street supervision is not only authorized, it is a required part of a supervisor's duty. Having fully viewed the administrative record, the court agrees with defendants when they state:

> Plaintiff does not, and cannot, make a claim that there is not substantial evidence to support his removal from the Postal Service. Instead, as to the only recourse, he tries to support his position by engaging in a hunt for undotted i's, and uncrossed t's in his removal. That hunt, however, is unavailing, and the decision of the MSPB should be upheld.

*Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment,* at 7. Additionally, in the course of arguing this motion, the plaintiff has apparently abandoned his contention that any procedural error entitles him to relief. For example, he states in his response to the defendants' motion to dismiss:

> Regardless of what all the statutes and the Code of Federal Regulations state, Marvin W. Dowden, Jr., and his attorney are alleging in this lawsuit that he was handicapped at the time he was trying to perform his duties on his postal route, and such physical and mental handicaps kept him from performing his duties in a way that pleased his superiors. Dowden further alleges that but for his physical and mental handicaps, he would not have been removed from his job as a Post Office employee. Where other direct or tangental issues are discussed, this is the gravamen of Dowden's complaint.

*Plaintiff's Response to Government's Motion to Dismiss, or Alternatively, for Summary Judgment,* at 14.

For the above mentioned reasons, the court affirms the decision of the MSPB.

■ To the extent the plaintiff is attempting to assert a separate cause of ac-

tion for some alleged violation of Postal Service regulations, the court holds that he is not entitled to relief. Dowden does not state a separate cause of action by alleging violation of Postal Service Regulations because in the Fifth Circuit, the Postal Reorganization Act does not create a private right of action; *Blaze v. Payne,* 819 F.2d 128, (5th Cir.1987). Also, *see, Gaj v. United States Postal Service,* 800 F.2d 64 (3d Cir.1986); *Blair v. United States Postal Service,* 657 F.Supp. 524 (S.D.Tex.1987); *Conrad v. United States Postal Service,* 494 F.Supp. 761 (M.D.N.C.1980). Nor can a Postal Service Regulation in itself create such a right. *Blair v. United States Postal Service,* 657 F.Supp. 524 (S.D.Tex.1987); *See also, Stewart v. Bernstein,* 769 F.2d 1088, n. 6 (5th Cir.1985) ("In any event, the Federal Regulations cannot themselves create a cause of action; this is a job for the Legislature"); *Marshall v. Gibson's Products,* 584 F.2d 668, 677 (5th Cir.1979) ("A grant of federal rule-making power is not authority to create federal jurisdiction. That authority lies solely with Congress."); *Roberts v. Cameron–Brown Co.,* 556 F.2d 356, 360 (5th Cir.1977) (Administrative handbook could not support an implied cause of action absent an independent basis in statute). Accordingly, Dowden has no right of action for violation of the Postal Reorganization Act, or Postal Service Regulations.

For the above reasons, defendants are hereby granted partial summary judgment on all claims asserted by the plaintiff except the handicap claim based on the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*

### III.

#### *Plaintiff's Handicap Discrimination Claim*

■ In order to assert a cause of action for handicap discrimination pursuant to the Rehabilitation Act, Dowden must prove that (1) he is a handicapped individual, (2) that he is "otherwise qualified" for the position in question, and (3) that he was excused from the position solely by reason of his handicap. *Prewitt v. United States Postal Service,* 662 F.2d 292 (5th Cir.1981); *Strathie v. Dept. of Transportation,* 716 F.2d 227, 230 (3d Cir.1983). In addition, since Dowden is apparently alleging surmountable barrier discrimination, *Prewitt,* 662 F.2d at 308, he must show that he made his handicap known to the Postal Service.[3] There must also be a facial showing that the handicap could be accommodated. *Prewitt,* 662 F.2d at 310. Having reviewed the administrative record in its entirety, the court concludes that at the very least, there are factual disputes concerning each *prima facie* element of plaintiff's case. Accordingly, defendant's motion for summary judgment is hereby DENIED as to plaintiff's handicap claim asserted under the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 701, *et seq.*

---

**3.** Plaintiff does not have the burden of coming forward with a reasonable accommodation. *Brener v. Diagnostic Center Hospital,* 671 F.2d 141 (5th Cir.1982) (religious accommodation); *Prewitt,* 662 F.2d at 308, *but see, generally, Chrysler Corp. v. Mann,* 561 F.2d 1282 (8th Cir. 1977). However, since the Postal Service has a duty to accommodate only *known* handicaps, 29 C.F.R. § 1613.704; *Prewitt,* 662 F.2d 292, 308, it follows that plaintiff has a duty to make a non-obvious handicap known to the agency. *Butler v. Dept. of the Navy,* 595 F.Supp. 1063 (D.Md.1984). He cannot lie in ambush with a hidden handicap and then charge failure to accommodate when he is discharged for other reasons. *Butler,* 595 F.Supp. at 1066.