**Marvin W. DOWDEN, Jr.**

v.

**Preston R. TISCH, Postmaster General, United States Postal Service.**

**Civ. A. No. B-87-00591-CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 28, 1989.

Richard J. Clarkson, Law Office of Gilbert T. Adams, Beaumont, Tex., for plaintiff.

O. Kenneth Dodd, Asst. U.S. Atty., Beaumont, Tex., for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

This is a federal sector employment discrimination action in which plaintiff alleged his former employer, the United States Postal Service, removed him from employment on the basis of alleged physical handicaps. The facts of this case are set out in a previous opinion by this court, *Dowden v. Tisch,* 685 F.Supp. 153 (E.D.Tex.1988), when this court dismissed all of Dowden's claims except his claim of handicap discrimination.

This suit is brought under the Rehabilitation Act, 29 U.S.C.A. § 791. Civil rights actions brought by federal employees pursuant to the Rehabilitation Act are accorded trial *de novo,* but are given no exemption from the provisions of the Federal Rules of Civil Procedure, including Rule 56(b) governing summary judgments. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *Prewitt v. United States Postal Service,* 662 F.2d 292, 303 (5th Cir.1981).

1138

The non-moving party's burden when a summary judgment is sought is to submit sufficient probative evidence to support a claimed factual dispute to show that a jury or judge would be required to resolve the dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party need only demonstrate that the evidence does not "present a sufficient disagreement to require submission to a jury." *Anderson,* 477 U.S. at 251–2, 106 S.Ct. at 2512; *Celotex,* 477 U.S. 317, 106 S.Ct. 2548.

There can be, "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 322–3, 106 S.Ct. at 2552–3.

In order to meet this burden, Dowden must show the following:

... (1) that he is a handicapped individual, (2) that he is "otherwise qualified" for the position in question, and (3) that he was excused from the position solely by reason of his handicap. *Strathie v. Dept. of Transportation,* 716 F.2d 227, 230 (5th Cir.1983). In addition, since Dowden is apparently alleging insurmountable barrier discrimination, he must show that he made his handicap known to the Postal Service. *Prewitt,* 662 F.2d 292. There must also be a facial showing that the handicap could be accommodated.

*Id.* at 308.

Defendant claims that even if plaintiff was handicapped and the Postal Service was so notified, Dowden was not "otherwise qualified" for the position in question because of his behavioral and attitudinal problems, because he refused to obey orders. Defendant further states these problems, and not his alleged handicap, were the cause of his termination.

The Postal Service has a duty to accommodate only "otherwise qualified" handicapped individuals. 29 C.F.R. § 1623.702(f); *Prewitt* at 307. To be otherwise qualified the employee must be able to perform the essential functions of the position with or without accommodation. *Id.* When an employee will not obey the orders of his supervisor, and the employee is not otherwise qualified, there is no accommodation which can be made which does not unduly burden the employer. *Schmidt v. Bell,* 33 FEP Cases 839, 1983 WL 631 (E.D. Pa.1983). When an employee is terminated for other conduct not related to the handicap which, standing alone, merits his termination, the employee is not otherwise qualified for his position. *Wimbley v. Bolger,* 642 F.Supp. 481 (W.D.Tenn.1986).

The parties have stipulated that the record previously made can be reviewed by the court in consideration of this matter and it is appropriate to do so. *Prewitt,* 662 F.2d at 303. This court has considered plaintiff's disciplinary record. Dowden has never claimed to have notified the Postal Service of any ailment other than diabetes and arthritis. Therefore, his conduct prevents him from being "otherwise qualified" within the meaning of the Rehabilitation Act, and he cannot invoke the protection of the Act. *Southern Eastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

Mr. Dowden's doctor, Dr. Holly, wrote a letter to the Postal Service reciting Mr. Dowden's physical condition, but there is no summary judgment evidence such letter was ever received by the defendant. There is no presumption or proof of receipt of the letter. Although the hearing examiner found Dowden was handicapped, this finding is irrelevant because this was not the reason for the termination.

Prior to his termination, Dowden never claimed ailments in addition to those recited by Dr. Holley, and plaintiff never sought a need for an accommodation other than "work ... restricted to his regularly scheduled assignment." Tr., pp. 194–99, 208–209, 237–38. The only harm which would result from failure to accommodate Dowden's alleged "handicaps" is "detriment—to his health on a long-term basis." *Id.* Dowden never claimed prior to his termination he could not perform his regular duties. Plaintiff's alleged handicaps

and "need for accommodation" were not the reason for his termination. He was terminated for refusing to obey orders.

This motion for summary judgment has been previously denied. Upon rehearing and reconsideration, no new evidence has been presented by the plaintiff except a *Texas Law Review* article which this court does not consider as the law of the Fifth Circuit.

A mail carrier must be willing to obey orders, and this is an essential element of plaintiff's continuing employment as a Postal Service mail carrier. Plaintiff has proved he is not willing to obey the orders of his supervisors, and for such reason is not qualified for his job. Even if he were qualified, his alleged handicaps had no connection with the reason for his termination. The summary judgment sought by the Postal Service is GRANTED.