**Bruce STUPY, et al., Plaintiffs,**

v.

**The UNITED STATES POSTAL SERVICE, et al., Defendants.**

**No. CIV 88–456–TUC–WDB.**

United States District Court, D. Arizona.

Jan. 8, 1990.

---

**1126**

Bruce B. Elfvin, Elfvin & Assocs., Cleveland, Ohio, John H. Messing, John H. Messing P.C., Tucson, Ariz., for Bruce Stupy.

James D. Whitney, Cindy Kelly Jorgenson, U.S. Atty., Tucson, Ariz., Anthony W. DuComb, Office of Labor Law, U.S.P.S., Washington, D.C., for Postal Service.

Gerald Barrett, Ward Keenan & Barrett, P.C., Phoenix, Ariz., William B. Peer, Barr, Peer & Cohen, Washington, D.C., for National Rural Letter Carriers Assn.

## ORDER

WILLIAM D. BROWNING, Chief Judge.

There are six motions pending in this case: three motions for summary judgment (each party has filed one), defendants' joint motion to strike plaintiff's motion for summary judgment, defendants' joint motion to strike plaintiff's motion for class certification, and defendant United States Postal Service's ("USPS") motion for sanctions.

### I. *United States Postal Service: Subject Matter Jurisdiction*

■ Defendant claims that plaintiff has no private right of action under 39 U.S.C. § 1006 and, accordingly, the claim should be dismissed. Section 1006 is part of the "Postal Reorganization Act." Section 1006 states in full:

> Officers and employees in the postal career services of the Postal Service shall be eligible for promotion or transfer to any other position in the Postal Service or the executive branch of the Government of the United States for which they are qualified. The authority given by this section shall be used to provide a maximum degree of career promotion opportunities for officers and employees and to insured continued improvement of postal services.

The section does not provide for enforcement nor does it expressly provide postal workers with a private cause of action. Thus, the issue is now left to the courts.

Standing to sue under § 1006 has never been addressed by the Ninth Circuit. Indeed, no appellate court seems to have directly addressed the issue. The District Court for the Eastern District of Michigan, has however, directly addressed the issue and held that no cause of action exists under the statute. *Kaiser v. United States Postal Service, et al.,* CA No. 88–2498 (April 27, 1989).

In *Kaiser,* the District Court looked to congressional intent to determine whether a private right of action exists. The *Kaiser* court found *Gaj v. United States Postal Service,* 800 F.2d 64 (3rd Cir.1986) and *Blaze v. Payne,* 819 F.2d 128 (5th Cir.1987)

persuasive. Plaintiff claims that *Kaiser* misread the cases and if this Court follows *Kaiser* it will compound the mistake.

In *Gaj*, the Third Circuit found no private right of action under 39 U.S.C. § 1001(b) of the same act. The plaintiff in *Gaj* sued because the postal service allegedly refused to rehire him as retaliation for reporting safety violations and because he was handicapped. The *Gaj* plaintiff asserted a caused of action under § 1001(b) which "directs the Postal Service to set up a postal career service, and to make 'appointments and promotions ... in accordance with the procedures established by the Postal Service.'" *Gaj*, 800 F.2d at 68.

The *Gaj* court observed:

The clear intent of Congress in passing the Postal Reorganization Act was to make the Postal Service an independent executive agency, to improve the efficiency of the mail system, and to improve labor management relations, and to make the Postal Service self supporting. Neither the language of the statute nor its legislative history shows that Congress intended to create a private remedy.

*Id.*

The Fifth Circuit in *Blaze, supra* followed the *Gaj* rationale and rejected a private cause of action under § 1006. The *Blaze* court found the Act to be "comprehensive" noting the broad remedies afforded by the scheme. The court noted that "postal employees were given full right to bargain collectively over the wages, hours, and conditions of employment through exclusive bargaining representatives" and that the "Postal Service" is the only federal entity covered by the National Labor Relations Act and subject to the jurisdiction of the National Labor Relations Board." *Blaze*, 819 F.2d at 130.

█ Accordingly, postal employees, like private employees may file unfair labor practice charges with the NRLB or pursue employment discrimination claims. As to *Gaj*, the *Blaze* court found its description of Congressional intent, "if anything, an understatement." *Blaze*, 819 F.2d at 130.

Plaintiff argues that the *Blaze* plaintiff made an "inferential leap" by trying to create a private right of action under § 1006; a leap not present here. Plaintiff points out that prior to reorganization, courts found standing under provisions similar to the one at issue. *Caputo et al. v. Resor*, 360 F.2d 770 (2nd Cir.1966). He also points that the enabling provisions of the statute provide that no suit shall abate because of the Act.

Plaintiff argues that unlike § 1001(b), which was procedural, § 1006 is substantive and in the words of the statute "shall be used to provide maximum promotion opportunities for officers and employees." Thus, he argues that the provision expressed a congressional intent that the right to transfer be augmented and not impeded.

Plaintiff claims that the rights discussed under § 1006 are substantive and more important than the generalized procedural rights addressed by *Blaze* and *Gaj*. Notwithstanding the precise statute discussed, *Blaze* and *Gaj* look to the statutory scheme as a whole and determine that no private right of action exists. Particularly important to the *Blaze* court was the equality between the private person and the postal employee it believed the statutory scheme seeks. This Court holds that no private right of action exists. Therefore, the defendant United States Postal Service's motion to dismiss will be granted.

## II. *National Rural Letter Carriers: Duty of Representation*

In his Complaint, plaintiff's first claim reads:

The acts and practices set forth in this complaint violate plaintiffs' entitlements under the collective bargaining agreement, along with the manuals, and procedures incorporated therein. The Rural Carriers' union has violated its duty of fair representation with respect to these violations.

Complaint at 5.

The standard for breach of duty was established in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In that

case, the Supreme Court determined that a union's handling of member grievances in a manner that was "arbitrary, discriminatory or in bad faith" constituted a breach of the union's duty of fair representation. *Id.* at 190, 87 S.Ct. at 916.

Stupy does not dispute that the union represented him in the grievance procedures. Nor does Stupy dispute that, technically, he voluntarily withdrew his administrative claim. The *prima facie* case appears to weigh heavily in favor of the National Rural Letter Carriers ("NRLC").

■ However, Stupy's allegation is that the NRLC's handling of his grievance was discriminatory and in bad faith to the extent that the NRLC interprets the contract with USPS in such a way that it favors substitute rural carriers against other USPS employees. Stupy claims that this is because substitute rural carriers are appointed to regular rural carrier positions by incumbents. However, the question remains whether, even if the allegation is true, has the union breached its duty?

A bargaining unit consists solely of current employees. Therefore, when the NRLC negotiated the contract, it had no duty to represent city carriers who might transfer into NRLC positions. The interpretation of the contract is left to the union and the employer. A prospective employee who does not find the agreement acceptable is free to go elsewhere.

Taking the facts in the light most favorable to the plaintiff, the plaintiff has failed to state a claim. Therefore, the NRLC's motion for summary judgment will be granted.

Therefore, IT IS ORDERED,

(1) Defendant United States Postal Service's Motion to Dismiss is GRANTED;

(2) Defendant National Rural Letter Carriers' Motion for Summary Judgment is GRANTED;

(3) All other motions are DISMISSED as MOOT.